AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2017 APR 12 PM 3:48
OFFICE OF THE CLERK

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A Samsung Smartphone seized at 604 S 22 St,<br>Omaha, more fully described in Attachment A | )<br>)<br>)  Case No.   8:17MJ65<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Nebraska_____
*(identify the person or describe the property to be searched and give its location)*:

A white Samsung Smartphone, seized from 604 S 22nd Street, Omaha, Nebraska, more fully described in Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before    March 21, 2017    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    F.A. Gossett, III    .
                                                                                                    *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____

Date and time issued:    3/7/17  3:02PM        _____
                                                                        *Judge's signature*

City and state:    Omaha, NE                 F.A. Gossett, III, US Magistrate Judge
                                                                *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 8:17MJ65 | Date and time warrant executed: March 8, 2017 8:00A | Copy of warrant and inventory left with: N/A |
| Inventory made in the presence of: SA Michele Neily | | |
| Inventory of the property taken and name of any person(s) seized: | | |

The aforementioned item previously seized is currently in FBI custody and is waiting completion of forensic examination and/or analysis, which is ongoing at this time.

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 3/13/17

_Executing officer's signature_

Michele Neily, Special Agent
_Printed name and title_

## ATTACHMENT A

### Items to be Searched:

**(1)** Item 28 – a white Samsung Smartphone (**DEVICE-2**), seized from **604 S 22nd Street, Apt 217, Omaha, Nebraska**

### The Devices shall be searched according to the protocol listed on Attachment B for the following items:

(1) all text messages, emails, or other electronic communications related to the distribution/delivery of drugs or packages containing drugs, including all electronic communications related to the types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions in furtherance thereof;

(2) any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

(3) all bank records, checks, credit card bills, account information, and other financial records; and,

(4) information reflecting the location of the phone.

The Devices shall also be searched for evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

## ATTACHMENT B
### Search Protocols

1. This warrant authorizes the search of electronically stored information and other documents related to the items listed on Attachment A. Because of the possibility that the files examined pursuant to the warrant will include information that is beyond the scope of what the United States has demonstrated the existence probable cause to search for, the search shall be conducted in a manner that will minimize to the greatest extent possible the likelihood that files or other information for which there is not probable cause to search is not viewed.

2. While this protocol does not prescribe the specific search protocol to be used, it does contain limitations to what government investigators may view during their search, and the searching investigators shall be obligated to document the search methodology used in the event that there is a subsequent challenge to the search that was conducted, pursuant to the following protocol:

3. With respect to the search of any digitally/electronically stored information that is seized pursuant to this warrant, and described in Attachment A hereto, the search procedure shall include such reasonably available techniques designed to minimize the chance that the government investigators conducting the search will view information that is beyond the scope for which probable cause exists.

4. The following list of techniques is a non-exclusive list which illustrates the types of search methodology that may avoid an overbroad search, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein:

   a. Use of computer search methodology to conduct an examination of all the data contained in such computer hardware, computer software, and/or memory storage

devices to determine whether that data falls within the items to be seized as set forth herein by specific date ranges, names of individuals, or organizations;

b. Searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein;

c. Physical examination of the storage device, including digitally surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth herein; and

d. Opening or reading portions of files that are identified as a result of conducting digital search inquiries in order to determine their relevance.